In light of our Supreme Court's decision in Ex parte Coale757 So.2d 939 (Ala. 1999), I must concur with the majority's opinion to reverse. THOMPSON, Judge, dissenting.
On March 17, 1999, the trial court entered an order compelling Johnson to respond to the discovery requests within 10 days of the entry of the order; Johnson avers in his motion to reinstate his case that he received this order on March 22, 1999. Johnson did not comply with the trial court's order, and on April 14, 1999, in response to a motion for sanctions filed pursuant to Rule 37, Ala.R.Civ.P., by Citizens Bank and Vickery, the trial court dismissed Johnson's action.
In Iverson v. Xpert Tune, Inc. 553 So.2d 82, 89 (Ala. 1989), our supreme court held:
 "The trial court is the more suitable arbiter for determining with accuracy the culpability of the failure to produce . . . and, for that reason, we will show great deference toward a trial court's decision with respect to such culpability."
I would have affirmed the trial court's dismissal; therefore, I dissent.